IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2007

Charles R. Fulbruge III
Clerk

No. 06-41679

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CHARLES HARRIST, JR

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:04-CR-6-ALL

Before REAVLEY, SMITH, and GARZA, Circuit Judges.

PER CURIAM:[*]

Charles Harrist, Jr. was indicted on one count of possessing child pornography and on one count of receiving child pornography. See 18 U.S.C. § 2252(a)(2), (a)(4)(B), (b)(2). A jury convicted Harrist on both counts. On appeal, Harrist argues that the district court erred by denying his motion to suppress and by allowing the jury to hear evidence concerning his subscriptions to legal pornographic websites. For the reasons that follow, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. Harrist contends that his Fourth Amendment rights were violated when the computer at issue was seized pursuant to a search warrant. Because the relevant facts are undisputed, we review the sufficiency of the warrant de novo. See United States v. Shugart, 117 F.3d 838, 843 (5th Cir. 1997).

As a threshold issue, Harrist claims that the Texas exclusionary rule applies because Texas law enforcement officers were acting pursuant to a warrant issued by a Texas judge relating to an alleged violation of Texas law. In support of his contention, Harrist points to United States v. Fossler, 597 F.2d 478, 482 n.3 (5th Cir. 1979), where this court noted that the "lawfulness of an arrest by state officers is determined by the law of the state where the arrest takes place, subject to federal constitutional standards." The issue here, however, is not the lawfulness of an arrest, but whether to apply the state or federal exclusionary rule. And in federal court, the federal exclusionary rule applies. See United States v. Coleman, 162 F. Supp. 2d 582, 586–91 (N.D. Tex. 2001) (discussing cases). With that out of the way, we turn to Harrist's substantive arguments.

Harrist first argues that his Fourth Amendment rights were violated because the affidavit in support of the warrant did not set out probable cause. But because the federal exclusionary rule applies, even if the warrant was not based on probable cause, the evidence obtained pursuant to the warrant should not be suppressed if it was obtained "by law enforcement officials acting in objectively reasonable good-faith reliance upon a search warrant." Shugart, 117 F.3d at 843 (internal citations and quotations omitted). Harrist has made no argument suggesting

that the good-faith exception should not apply—and there is no evidence suggesting the exception should not apply. See United States v. Davis, 226 F.3d 346, 351 n.1 (5th Cir. 2000) (listing situations in which the good-faith exception should not apply). Accordingly, Harrist's argument fails.

Harrist next argues that the warrant was not particular enough because the computer was misdescribed as a "Western Digital 20 Gig." A warrant is particular enough "if the description in the warrant would permit an executing officer to reasonably know what items are to be seized." United States v. Beaumont, 972 F.2d 553, 560 (5th Cir. 1992). But even if the warrant lacks particularity, the evidence seized pursuant to the warrant is admissible if the officer relied in good faith on the warrant. Id. at 562. Here, it is apparent that Garrett made a mistake in referring to the entire computer to be seized as a "Western Digital 20 Gig," which was the name of the hard drive. But it is equally apparent that the judge who signed the warrant knew that the item at issue was the computer. This is made clear from reading the affidavits in support of the warrants, which the warrants incorporated by reference. Moreover, Garrett knew the computer was to be seized. Finally, the warrant could have been made unambiguous by penciling in a few words to clarify that the Western Digital 20 gig was the hard drive for the computer to be seized. Thus, Garrett was acting in good-faith reliance on the warrant, even if the description of the item to be seized could have been worded differently. See Beaumont, 972 F.2d at 560–61.

Harrist also argues that the warrant was not particular enough because Garrett had to rely on a third party, Warren, to identify the computer. Garrett, however, reasonably relied on Warren to retrieve Harrist's computer, and there is no evidence suggesting that Warren could not have provided documentation to Garrett if he had any question about whether the computer she retrieved was in fact the one he was there to pick up.

Accordingly, the district court properly denied Harrist's motion to suppress.

2. Harrist also complains that the district court abused its discretion when it allowed the jury to hear about the legal pornography websites he subscribed to. We review the district court's decision to admit or exclude evidence for an abuse of discretion. United States v. Hicks, 389 F.3d 514, 522 (5th Cir. 2004).

Harrist is essentially arguing that the district court erred in performing its "Beechum analysis"; as this court stated in United States v. Beechum, Rule 404(b) of the Federal Rules of Evidence, which deals with "other acts" evidence, requires a two-step process: "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice . . . ." 582 F.2d 898, 911 (5th Cir. 1978) (en banc). While there is a question as to whether Harrist waived this issue below, we need not address that question because the district court did not abuse its discretion here.

Harrist's website subscriptions were probative of something other than character. Harrist put his interest in pornography at issue when his ex-wife testified that she had never seen him view pornography during their marriage. The fact that Harrist had subscribed to pornographic websites was therefore relevant to combat that point. While Harrist complains that the evidence was irrelevant to that issue because his subscriptions occurred after he divorced his ex-wife, that argument goes to the weight of the evidence, not its relevancy.

It is undoubtedly true that reading the jury inflammatory descriptions of the websites could constitute unfair prejudice. See United States v. Grimes, 244 F.3d 375, 383–85 (5th Cir. 2001). It is uncontested here, however, that at least some of the descriptions were read to the jury without Harrists's objecting to them at trial, and he does not argue before this court that the jury should not have heard those descriptions. The district court did not abuse its discretion in determining that the relevancy of the evidence was not substantially outweighed by its unfair prejudice.

AFFIRMED.